UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Arash Ghayoori,<br><br>Petitioner,<br><br>v.<br><br>Cobra Trading, Inc.,<br><br>Respondent. | Case No.: 2:25-cv-21<br><br>PETITION TO VACATE ARBITRATION AWARD |

**PETITION TO VACATE ARBITRATION AWARD**

1. Pursuant to 9 U.S.C. § 10 of the Federal Arbitration Act ("FAA"), Petitioner Arash Ghayoori ("Petitioner") respectfully moves this Court to enter an order vacating the Final Award dated December 5, 2024 ("Award") that was issued in the arbitration between Petitioner and Respondent Cobra Trading, Inc. ("Cobra"), captioned *In the Matter of the Arbitration Between Cobra Trading, Inc. and Arash Ghayoori, FINRA Case No. 23-03643* ("the Arbitration"). For



WHEAT LEGAL PLLC
1201 3RD AVE, STE. 22-120
SEATTLE, WA 98101
TELEPHONE: (206) 262-7381
EMAIL: INFO@WHEATLEGAL.COM

the reasons set forth below, the Award should be vacated pursuant to 9 U.S.C. § 10 because the arbitrators exceeded their powers and the Award was procured through improper means.

## I. PARTIES

2. Petitioner Arash Ghayoori is a resident of Toronto, Ontario, Canada.

3. Respondent Cobra Trading, Inc. is a Texas corporation with its principal place of business in Carrollton, Texas.

## II. JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy is between citizens of different States and a foreign state and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this judicial district pursuant to 9 U.S.C. § 10(a) because the Award was purportedly issued in Seattle, Washington in the Western District of Washington.

6. This petition is timely pursuant to 9 U.S.C. § 12 because the Award was issued on December 5, 2024, and this petition has been filed within three months after the Award was delivered.

## III. STATEMENT OF FACTS

7. On July 6, 2021, Petitioner entered into a Customer Account Agreement with Respondent. *See* **Exhibit A.**

8. On November 6, 2023, Petitioner had a balance of $343,265.43 in his brokerage account with Cobra. He requested and received approval for a wire transfer of $313,000, leaving $30,265.43 in the account.



WHEAT LEGAL PLLC
1201 3RD AVE, STE. 22-120
SEATTLE, WA 98101
TELEPHONE: (206) 262-7381
EMAIL: INFO@WHEATLEGAL.COM

9. On November 7, 2023, Petitioner received trade confirmations for unauthorized trades, including a short position of 60,550 shares that resulted in his account balance changing from positive $30,265.43 to negative $353,913.50.

10. Cobra attempted to unilaterally recall the wire transfer but was unsuccessful. Petitioner demanded return of his remaining $30,265.43 and account closure, maintaining he had no responsibility for the negative balance resulting from unauthorized trading.

**The Arbitration**

11. The primary arbitration clause appears in Section 25 of the Customer Account Agreement, which states:

*"ARBITRATION: THIS AGREEMENT CONTAINS A PREDISPUTE ARBITRATION CLAUSE. BY SIGNING AN ARBITRATION AGREEMENT THE PARTIES AGREE AS FOLLOWS:*

*(A) ALL PARTIES TO THIS AGREEMENT ARE GIVING UP THE RIGHT TO SUE EACH OTHER IN COURT, INCLUDING THE RIGHT TO A TRIAL BY JURY, EXCEPT AS PROVIDED BY THE RULES OF THE ARBITRATION FORUM IN WHICH A CLAIM IS FILED;*

*(B) ARBITRATION AWARDS ARE GENERALLY FINAL AND BINDING; A PARTY'S ABILITY TO HAVE A COURT REVERSE OR MODIFY AN ARBITRATION AWARD IS VERY LIMITED;*

*(C) THE ABILITY OF THE PARTIES TO OBTAIN DOCUMENTS, WITNESS STATEMENTS AND OTHER DISCOVERY IS GENERALLY MORE LIMITED IN ARBITRATION THAN IN COURT PROCEEDINGS;*

*(D) THE ARBITRATORS DO NOT HAVE TO EXPLAIN THE REASON(S) FOR THEIR AWARD UNLESS, IN AN ELIGIBLE CASE, A JOINT REQUEST FOR AN EXPLAINED DECISION HAS BEEN SUBMITTED BY ALL PARTIES AT LEAST 20 DAYS PRIOR TO THE FIRST SCHEDULED HEARING DATE;*

*(E) THE PANEL OF ARBITRATORS WILL TYPICALLY INCLUDE A MINORITY OF ARBITRATORS WHO WERE OR ARE AFFILIATED WITH THE SECURITIES INDUSTRY;*



WHEAT LEGAL PLLC
1201 3RD AVE, STE. 22-120
SEATTLE, WA 98101
TELEPHONE: (206) 262-7381
EMAIL: INFO@WHEATLEGAL.COM

*(F) THE RULES OF SOME ARBITRATION FORUMS MAY IMPOSE TIME LIMITS FOR BRINGING A CLAIM IN ARBITRATION. IN SOME CASES, A CLAIM THAT IS INELIGIBLE FOR ARBITRATION MAY BE BROUGHT IN COURT;*

*(G) THE RULES OF THE ARBITRATION FORUM IN WHICH THE CLAIM IS FILED, AND ANY AMENDMENTS THERETO, SHALL BE INCORPORATED INTO THIS AGREEMENT."*

12. The agreement explicitly requires arbitration to be conducted through FINRA, stating:

*"ARBITRATION MUST BE COMMENCED BY SERVICE OF A WRITTEN DEMAND FOR ARBITRATION OR A WRITTEN NOTICE OF INTENTION TO ARBITRATE. THE DECISION AND AWARD OF THE ARBITRATOR(S) SHALL BE CONCLUSIVE AND BINDING UPON ALL PARTIES, AND ANY JUDGMENT UPON ANY AWARD RENDERED MAY BE ENTERED IN A COURT HAVING JURISDICTION THEREOF."*

13. The arbitration agreement requires mandatory arbitration before FINRA but contains no specific venue requirements, stating only that,

"ARBITRATION MUST BE COMMENCED BY SERVICE OF A WRITTEN DEMAND FOR ARBITRATION OR A WRITTEN NOTICE OF INTENTION TO ARBITRATE. THE DECISION AND AWARD OF THE ARBITRATOR(S) SHALL BE CONCLUSIVE AND BINDING UPON ALL PARTIES, AND ANY JUDGMENT UPON ANY AWARD RENDERED MAY BE ENTERED IN A COURT HAVING JURISDICTION THEREOF."

14. FINRA Rule 12213(a) governs hearing locations, providing that "the Director will select the hearing location closest to the customer's residence at the time of the events giving rise to the dispute." *See* **Exhibit E**.

15. For foreign customers like Petitioner, Rule 12213(b) requires that "the Director and all parties agree" to "have their hearing in a foreign hearing location." *Id.*



**WHEAT LEGAL PLLC**
1201 3RD AVE, STE. 22-120
SEATTLE, WA 98101
TELEPHONE: (206) 262-7381
EMAIL: INFO@WHEATLEGAL.COM

16. FINRA Rule 12300(a)(2) requires service on pro se customers through "first-class mail, overnight mail service, overnight delivery service, hand delivery, email or facsimile." Rule 12302(c) further requires the Director to "effect service" of the statement of claim, which necessarily implies effective rather than merely attempted service. *See* **Exhibits C & D**.

17. Cobra initiated a FINRA arbitration against Petitioner. All attempts at service were made to an email address (arash.ghayoori@gmail.com) that had been deleted at Petitioner's request in November 2023. *See* **Exhibit F.**

18. The arbitration proceeded without Petitioner's knowledge or participation. The arbitration panel rendered an Award against Petitioner for $353,910.50 plus 10% annual interest from November 6, 2023. *See* **Exhibit B.**

19. Petitioner first learned of the arbitration and Award on December 9, 2024, upon checking the FINRA Arbitration Awards Online Database.

## IV. COUNT I – VACATUR OF ARBITRATION AWARD UNDER 9 U.S.C. § 10(a)(3)

20. Section 10(a)(3) of the Federal Arbitration Act permits vacatur where "the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced."

21. The Award should be vacated because:

a. Service via a known-defunct email address violated FINRA rules and due process requirements;

b. The arbitration panel knew Petitioner had not received actual notice yet proceeded anyway;



WHEAT LEGAL PLLC
1201 3RD AVE, STE. 22-120
SEATTLE, WA 98101
TELEPHONE: (206) 262-7381
EMAIL: INFO@WHEATLEGAL.COM

c. The arbitration venue (Seattle) had no connection to either party or the underlying dispute;

d. Petitioner was deprived of any opportunity to participate in arbitrator selection or present evidence.

22. These procedural deficiencies constitute "other misbehavior by which the rights of any party have been prejudiced" under 9 U.S.C. § 10(a)(3).

23. The complete failure of notice and proper service rendered the entire arbitration proceeding void.

**V. COUNT II – VACATUR OF ARBITRATION AWARD UNDER 9 U.S.C. § 10(a)(4)**

24. Section 10(a)(4) of the Federal Arbitration Act permits vacatur where "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

25. FINRA Rule 12302 requires that the Director of Arbitration "effect service" of the statement of claim, which necessarily requires actual service rather than merely attempted notification.

26. Under FINRA Rule 12300(a)(2), service on pro se customers must be made through multiple available methods including "first-class mail, overnight mail service, overnight delivery service, hand delivery, email or facsimile."

27. The arbitrators exceeded their powers by:

a. Proceeding without proper service under FINRA rules, as evidenced by FINRA's own admission that "Claimant provided two separate addresses for Respondent to be reached. The Claim Notification Letter dated January 3, 2024, Overdue Notice



WHEAT LEGAL PLLC
1201 3RD AVE, STE. 22-120
SEATTLE, WA 98101
TELEPHONE: (206) 262-7381
EMAIL: INFO@WHEATLEGAL.COM

(including the Statement of Claim) dated February 23, 2024, and Notification of Panel dated March 22, 2024 were returned to sender from both addresses";

b. Accepting as sufficient service Cobra's unilateral email to a known-defunct address without any verification of delivery;

c. Allowing Cobra to unilaterally select arbitrators without Petitioner's participation, in violation of FINRA rules requiring mutual selection;

d. Proceeding with the hearing despite Cobra's admission that they "could not serve [Petitioner] with the notice of the hearing date."

28. By conducting the arbitration without jurisdiction due to lack of proper service and notice, the arbitrators exceeded their powers under the FAA and FINRA rules.

29. The arbitrators' actions in proceeding without jurisdiction and proper service render the Award void.

30. The Award should be vacated because:

a. Service via a known-defunct email address violated FINRA rules and due process requirements;

b. The arbitration panel knew (or should have known) Petitioner had not received actual notice yet proceeded anyway;

c. The arbitration venue (Seattle) had no connection to either party or the underlying dispute;

31. Petitioner was deprived of any opportunity to participate in arbitrator selection or present evidence.



WHEAT LEGAL PLLC
1201 3RD AVE, STE. 22-120
SEATTLE, WA 98101
TELEPHONE: (206) 262-7381
EMAIL: INFO@WHEATLEGAL.COM

32. These procedural deficiencies constitute "other misbehavior by which the rights of any party have been prejudiced" under 9 U.S.C. § 10(a)(3).

33. The complete failure of notice and proper service rendered the entire arbitration proceeding void.

## V. PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that the Court:

1. Enter an Order vacating the Arbitration Award in its entirety;
2. Award Petitioner his reasonable costs incurred in bringing this petition; and
3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: Jan 6, 2025

/s/ Jeffery Wheat

Jeffery Wheat, WSBA #54228
Wheat Legal PLLC
1201 3rd Ave, Ste. 22-120
Seattle, WA 98101
Telephone: (206) 262-7381
Email: Jeff@wheatlegal.com
*Attorney for Petitioner*

Exhibits attached:

EXHIBIT A - Agreement
EXHIBIT B - Award
EXHIBIT C - FINRA Rule
EXHIBIT D - FINRA Rule
EXHIBIT E - FINRA Rule
EXHIBIT F - Email Bounce Message