UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARASH GHAYOORI,

    Petitioner,

v.

COBRA TRADING, INC.,

    Respondent.

———————————————

COBRA TRADING, INC.,

    Counter Claimant,

v.

ARASH GHAYOORI,

    Counter Defendant.

C25-0021 TSZ

ORDER

THIS MATTER comes before the Court on Respondent and Counter Claimant Cobra Trading, Inc.'s Motion to Compel Post-Judgment Discovery, docket no. 26, and Petitioner and Counter Defendant Arash Ghayoori's attorney Jeffrey Wheat's cross motion to withdraw as counsel, docket no. 27. Having reviewed all papers filed in support of, and in opposition to, the motions, the Court enters the following order.

ORDER - 1

**Background**

On May 28, 2025, the Court entered an Order, docket no. 21, granting Cobra Trading's motion to confirm an arbitration award and denying Ghayoori's petition to vacate the arbitration award. The next day, the Court entered Judgment, docket no. 22. Ghayoori filed a Notice of Appeal, docket no. 23.

On June 9, 2025, Cobra Trading served its first set of interrogatories and requests for production of documents pursuant to Federal Rule of Civil Procedure 69(a)(2).[1] Exs. A & C to Warner Decl. (docket no. 26-1 at 8, 17 & 23). Cobra Trading also served a notice of deposition of Ghayoori, stating that Ghayoori's deposition would be taken on August 19, 2025. See Exs. B & C to Warner Decl. (docket no. 26-1 at 19–21, 23). In an email dated August 18, 2025, Cobra Trading informed Ghayoori that the deposition was cancelled and will be rescheduled if the parties could not reach a settlement. Ex. D to Warner Decl. (docket no. 26-1 at 25).

On September 8, 2025, Ghayoori fired Mr. Wheat. See Termination Letter, Ex. B to Wheat Decl., Ex. G to Warner Decl. (docket no. 26-1 at 44). In the termination letter, Ghayoori "formally discharged [Mr. Wheat] as [his] counsel," revoked Mr. Wheat's authority to accept service of process on his behalf, and revoked Mr. Wheat's authority to communicate on Ghayoori's behalf. Id. On the same day, Mr. Wheat informed Cobra

---

[1] The Court previously ordered a stay as to discovery pending the Court's resolution of the parties' motions to confirm or vacate the arbitration award. See Minute Order (docket no. 20). Cobra Trading's now-pending motion concerns post-judgment discovery and was not subject to the Court's stay of discovery in its prior Minute Order. Nevertheless, and to the extent necessary, the Court hereby LIFTS the discovery stay previously imposed. See id.

ORDER - 2

1   Trading about his termination and that he would be filing a motion to withdraw with the
2   Ninth Circuit.  See Ex. E to Warner Decl. (docket no. 26-1 at 31).  Cobra Trading's
3   counsel noted that the motion to withdraw would be opposed and Cobra Trading never
4   received responses to its Rule 69 interrogatories and requests for production.  Id. at 30.
5   Mr. Wheat filed a declaration in support of his motion to withdraw, informing the Ninth
6   Circuit, among other things, that Ghayoori informed him that "he currently resides in
7   Tehran, Iran, and has provided a physical address in that country": "No. 21, Mardookhi
8   alley, Valiasr Street, Tehran, Iran."[2]  See Wheat Decl. at ¶ 10, Ex. G to Warner Decl.
9   (docket no. 26-1 at 39).  The Ninth Circuit granted Mr. Wheat's motion.  See Warner
10  Decl. at ¶ 5 (docket no. 26-1).

11         At Mr. Wheat's request, Cobra Trading attempted to contact Ghayoori directly to
12  obtain responses to their post-judgment discovery requests.  Id. at ¶ 9.  On September 22,
13  2025, Cobra Trading's counsel sent an email directly to Ghayoori using the email address
14  "AG_gorgi@proton.me," which Mr. Wheat provided in his motion to withdraw.  Id.  In
15  that email, Cobra Trading explained that Ghayoori's responses to the interrogatories,
16  requests for production, and appearance for a deposition were overdue, forcing Cobra
17  Trading to seek a court order to compel discovery responses and a date certain for the
18  deposition.  Ex. I to Warner Decl. (docket no. 26-1 at 53).  The email "bounced back"

---

[2] Cobra Trading's counsel asserts that "[b]ased on my research, this [address] may be a geographic description of some sort but does not appear to be a valid postal address in Iran." Warner Decl. at ¶ 9 (docket no. 26-1).  Cobra Trading's counsel further states that "Iranian postal addresses typically require a ten-digit postal code and specify a numbered municipal district." Id.

ORDER - 3

with the following message: "Recipient address rejected: Account recently deleted." Warner Decl. at ¶ 9 (docket no. 26). Cobra Trading also mailed a copy of the email to the physical address provided by Mr. Wheat in his declaration filed with the Ninth Circuit. Id.

On September 26, 2025, Cobra Trading filed its Motion to Compel Post-Judgment Discovery, docket no. 26. Mr. Wheat filed a response on behalf of Ghayoori along with a cross-motion, docket no. 27, to withdraw as Ghayoori's counsel.

**Discussion**

    A.    **Jurisdiction**

Following the entry of the Court's Judgment, docket no. 22, in this matter, Ghayoori filed on June 23, 2025, a notice of appeal, docket no. 23. Ghayoori's appeal is still pending before the Ninth Circuit. Before addressing the parties' motions, the Court first addresses whether it has jurisdiction to rule on them.

"Once a notice of appeal is filed, the district court is divested of jurisdiction over matters being appealed." Nat. Res. Def. Council, Inc. v. Sw. Marine Inc., 242 F.3d 1163, 1166 (9th Cir. 2001) (citing Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982)). Federal Rule of Civil Procedure 62.1 limits the actions a district court may take when it "lacks authority to grant [a motion for relief] because of an appeal that has been docketed and is pending." Fed. R. Civ. P. 62.1(a). The district court nevertheless "retains jurisdiction during the pendency of an appeal to act to preserve the status quo." Nat. Res. Def. Council, 242 F.3d at 1166. "Absent a stay or supersedeas, the trial court

also retains jurisdiction to implement or enforce the judgment or order but may not alter or expand upon the judgment." In re Padilla, 222 F.3d 1184, 1190 (9th Cir. 2000).

The two pending motions before the Court are not motions for relief. The requirements under Rule 62.1 are therefore inapplicable. Moreover, resolving the motions will "preserve[ ] the status quo and [will] not materially alter the status of the case on appeal." See Nat. Res. Def. Council, 242 F.3d at 1166; see also Icenhower v. Diaz-Barba (In re Icenhower), 755 F.3d 1130, 1138 (9th Cir. 2014) (concluding that a bankruptcy court "retained jurisdiction to supervise the course of conduct mandated in the judgment" and "[t]o account for . . . changed facts" after the judgment was entered). The Court has jurisdiction to decide the instant motions.

**B.     Motion to Compel and for Sanctions**

The Court now addresses Cobra Trading's motion to compel, docket no. 26. Cobra Trading argues that Ghayoori should be compelled to respond to its written discovery requests and appear for a deposition because Ghayoori's responses are overdue and any objections are therefore waived. Mot. to Compel at 6 (docket no. 26). Mr. Wheat argues that the most appropriate action for the Court to take at this time would be to continue Cobra Trading's motion to compel until Ghayoori can appear pro se or through substitute counsel. Opp. at 8 (docket no. 27).

**1.     Motion to Compel**

Federal Rule of Civil Procedure 69(a)(2) provides that, "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the

ORDER - 5

court is located." Cobra Trading sought post-judgment discovery from Ghayoori under the Federal Rules of Civil Procedure. See Exs. A & B to Warner Decl. (docket no. 26-1 at 8 & 19). These "rules governing discovery in postjudgment execution proceedings are quite permissive." Republic of Argentina v. NML Capital, Ltd., 573 U.S. 134, 138 (2014). "The discovery contemplated by Rule 69(a) is a distinct phase of the litigation with a narrow focus. It is solely to enforce the judgment by way of the supplemental proceedings." Danning v. Lavine, 572 F.2d 1386, 1390 (9th Cir. 1978). Such discovery may serve one of two purposes: (1) "to identify assets that can be used to satisfy a judgment," and (2) "to discover concealed or fraudulently transferred assets." Ryan Inv. Corp. v. Pedregal de Cabo San Lucas, 2009 WL 5114077, at *1 (N.D. Cal. Dec. 18, 2009) (internal quotation marks and citations omitted).

      Cobra Trading seeks responses to sixteen (16) interrogatories and twelve (12) requests for production. See Mot. to Compel at 6 (docket no. 26); Ex. A to Warner Decl. (docket no. 26-1 at 10–16). The Court has reviewed these requests and concludes that they seek information relevant to Ghayoori's assets and are within the scope of permissible discovery under Rule 69(a)(2). See Creagri, Inc. v. Pinnaclife Inc., 2019 WL 13254068, at *1 (N.D. Cal. Mar. 14, 2019). Cobra Trading's request that Ghayoori appear for his deposition is similarly permissible.

      Accordingly, Cobra Trading's motion to compel Ghayoori to respond to written discovery requests and to appear for his deposition is GRANTED.[3] Ghayoori is

---

[3] The Court discerns no purpose in continuing this motion. After Mr. Wheat's withdrawal in the Ninth Circuit, Cobra Trading attempted to contact Ghayoori about the unanswered interrogatories and requests for production. Such efforts have proven futile. It cannot be

ORDER - 6

ORDERED to serve responses to Cobra Trading's interrogatories and requests for production on or before January 22, 2026.

**2.      Motion for sanctions**

Cobra Trading argues that it is entitled to reasonable and necessary attorney's fees, totaling $23,277.00, as a sanction against Ghayoori to deter abusive conduct and reimburse Cobra.  Mot. to Compel at 7 (docket no. 26).  Mr. Wheat does not offer argument in opposition.

If a motion for an order compelling discovery responses is granted, the Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," "unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A) & (d)(3).  "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." R & R Sails, Inc. v. Ins. Co. of Pa., 673 F.3d 1240, 1246 (9th Cir. 2012).  There is no basis to find that Ghayoori's failure to respond to Cobra Trading's discovery requests was substantially justified or harmless.  The Court concludes that Cobra Trading is entitled to recover its reasonable expenses, including attorney's fees, incurred in making its motion to compel.

---

reasonably disputed that Ghayoori never responded to Cobra Trading's discovery requests and deposition notice.  Cobra Trading is entitled to the information it seeks and should not be subject to further delays caused solely by Ghayoori.  Mr. Wheat's request on behalf of Ghayoori to continue Cobra Trading's motion to compel is DENIED.

ORDER - 7

1    To determine whether a request for attorney's fees is reasonable, the Court
2 performs a two-step analysis.  First, the Court calculates the lodestar, "which multiplies
3 an attorney's reasonable hourly rate by the number of hours reasonably expended on the
4 litigation." Shayler v. 1310 PCH, LLC, 51 F.4th 1015, 1020 (9th Cir. 2022).  Next, "the
5 court determines whether to modify the lodestar figure, upward or downward, based on
6 factors not subsumed in the lodestar figure." Kelly v. Wendler, 822 F.3d 1085, 1099 (9th
7 Cir. 2016).

8    Cobra Trading's counsel requests a lodestar award.  Mot. to Compel at 11 (docket
9 no. 26).  Cobra Trading notes that its attorneys charged discounted rates in this case and
10 argue that the following discounted hourly rates are reasonable: Daniel Heidtke (13 years
11 of experience) at $855; Craig Warner (21 years of experience) at $675; and Dylan
12 Anderson (7 years of experience) at $695.  Warner Decl. at ¶¶ 10, 14–16 (docket no. 26-
13 1).  The Court finds that Mr. Heidtke and Mr. Warner's rates are reasonable.  See
14 Promedev, LLC v. Wilson, 2024 WL 3043415, at *6 (W.D. Wash. June 18, 2024)
15 (concluding that $850 per hour for partners is consistent with rates charged in this
16 District), aff'd sub nom. Promedev, LLC v. Imagipix Corp., 2025 WL 2160143, at *2
17 (9th Cir. July 30, 2025) (concluding that the district court did not abuse its discretion in
18 its calculation of the amount of the award of reasonable attorney's fees).  Cobra
19 Trading's own cited authority does not, however, support Mr. Anderson's hourly rate.
20 See Knudsen v. Hightower Holdings, LLC, 2024 WL 3430994, at *4 (W.D. Wash. July
21 16, 2024) (awarding between $625 and $685 per hour for attorneys with 6–9 years of
22 experience).  Cobra Trading's generic assertions that "[b]ased upon his experience and
23

ORDER - 8

the complexity of this matter, Mr. Anderson's hourly rate is reasonable" are insufficient. Mot. to Compel at 10 (docket no. 26). The Court will reduce Mr. Anderson's rate to $645 per hour.

The Court cannot find that all of the hours expended are recoverable here. The Court must limit the lodestar to hours reasonably expended, and should therefore discount hours spent on unsuccessful claims, duplicated effort, or otherwise unproductive time. Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581, 597, 675 P.2d 193 (1983). Mr. Anderson's time entry dated September 13, 2025, and described as "DRAFT MOTION [TO] COMPEL DISCOVERY AND DECLARATION OF CRAIG WARNER [IN] SUPPORT THEREOF" appears duplicative of several other time entries. See Ex. J to Warner Decl. (docket no. 26-1 at 56). After omitting that time entry and adjusting Mr. Anderson's hourly rate to $645, the Court determines that $19,420.50 is a reasonable award of attorney's fees.

Accordingly, Arash Ghayoori is ORDERED to pay Cobra Trading $19,420.50 on or before January 30, 2026.

C.     **Motion to Withdraw as Counsel**

The Court now turns to Mr. Wheat's motion to withdraw as Ghayoori's counsel, docket no. 27.

The decision to grant or deny counsel's motion to withdraw is within the discretion of the trial court. Fujifilm Sonosite, Inc. v. Imaging Specialists Grp., LLC, 2014 WL 1400992, at *1 (W.D. Wash. Apr. 10, 2014); see United States v. Carter, 560 F.3d 1107, 1113 (9th Cir. 2009) (a "district court's denial of counsel's motion to

ORDER - 9

withdraw is reviewed for an abuse of discretion"). Courts consider various factors when evaluating a motion to withdraw, including "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." Curtis v. Illumination Arts, Inc., 2014 WL 556010, at *4 (W.D. Wash. Feb. 12, 2014). Local Civil Rule ("LCR") 83.2(b) outlines the procedures for attorneys to withdraw their appearance in any case in this district. "No attorney shall withdraw an appearance in any case, civil or criminal, except by leave of court, unless the withdrawal complies with the requirements of subsections (b)(2) or (b)(3)." LCR 83.2(b)(1). Rule 1.16(a) of the Washington Rules of Professional Conduct provides several grounds upon which an attorney "shall withdraw from the representation of a client," including if "the lawyer is discharged." Wash. RPC 1.16(a)(3). "When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." Wash. RPC 1.16(d).

    The Court concludes that there is no reason to force Mr. Wheat to remain in this case. Ghayoori unequivocally discharged Mr. Wheat as his counsel, and the Ninth Circuit has already granted Mr. Wheat's motion to withdraw. Cobra Trading does not offer any reasonable basis, and the Court cannot find any, to require Mr. Wheat under RPC 1.16(d) to remain as Ghayoori's counsel of record in this case.

    Accordingly, Mr. Wheat's cross-motion to withdraw, docket no. 27, is GRANTED.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Jeffery Wheat's motion to withdraw as Ghayoori's counsel, docket no. 27, is GRANTED.

(2) Cobra Trading's motion to compel post-judgment discovery and for sanctions, docket no. 26, is GRANTED as follows:

    (a) Arash Ghayoori is ORDERED to serve, on or before January 22, 2026, responses to Cobra Trading's interrogatories and requests for production, via email to the following two addresses:

        Craig Michael Warner: cmwarner@duanemorris.com

        Daniel B Heidtke: dbheidtke@duanemorris.com

    (b) By January 30, 2026, Arash Ghayoori is further ORDERED to confer with Cobra Trading's attorneys, either pro se or through new counsel, and provide a date and time certain when Ghayoori can appear over Zoom for a deposition. The date and time certain shall be determined by mutual agreement between the parties, but can be set no later than February 27, 2026; and

    (c) Arash Ghayoori is further ORDERED to pay Cobra Trading $19,420.50 on or before January 30, 2026.

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record, including Mr. Wheat, and to Petitioner and Counter Defendant Arash Ghayoori at

AG_gorgi@proton.me and the following physical mailing address via International Registered First-Class Mail, with return receipt requested:

> Arash Ghayoori
> No. 21, Mardookhi alley, Valiasr Street
> Tehran, Iran.

IT IS SO ORDERED.

Dated this 9th day of December, 2025.

/s/ Thomas S. Zilly

Thomas S. Zilly
United States District Judge

ORDER - 12